## Hugh F. Warner *vs.* Oscar M. Brooks.

A plaintiff who, in a writ of entry to foreclose a mortgage, instead of simply averring his seisin to be in mortgage, alleges the making of the mortgage and an assignment thereof by the mortgagee to him, and his consequent seisin in fee, is still bound, in the absence of any rule of court upon the subject, to prove the signatures of the mortgage and assignment upon the trial, although not denied in the plea.

Writ of entry to foreclose a mortgage. In the declaration, " the plaintiff demands against the said Brooks the possession of three several tracts of land, situated in Berkley, in the county of Bristol," described, " wherefore the plaintiff says, that the said Brooks, being seised of the demanded premises, on the thirteenth day of March eighteen hundred and fifty-six, by his deed of mortgage of that date, duly acknowledged, recorded and in court to be produced, conveyed the demanded premises to John Thompson and Barnet F. Warner, and said Thompson and Warner afterwards, on the twenty-sixth day of the same March, assigned said mortgage and the note secured thereby, to Hugh F. Warner, the plaintiff, to hold to him and his heirs and assigns; by force whereof the plaintiff became seised in his de-mesne as of fee, and ought now to be in quiet possession thereof; but the said Brooks has since unjustly entered and holds the plaintiff out."

Plea, that the defendant never disseised the plaintiff; that the plaintiff had no right to the possession of the lands ; and that the mortgage was obtained by false representations, and without consideration, as the plaintiff knew.

At the trial in the court of common pleas in Bristol at December term 1858, *Briggs*, J., against the defendant's objection, allowed the plaintiff to put in evidence the mortgage and the assignment thereof, without proof of the signatures.

Before the case went to the jury, the defendant objected that the plaintiff could not maintain this action to foreclose a mortgage, because he had not in his writ averred his seisin to be " in mortgage," as required by *St.* 1852, *c.* 312, § 2, *cl.* 10. But

the judge ruled that the declaration sufficiently set forth a seisin in mortgage, and overruled the objection.

The verdict was for the plaintiff, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*C. I. Reed*, for the plaintiff.

HOAR, J. We think that one of the exceptions taken by the defendant, at the trial of this cause, is well founded. The action is a writ of entry to foreclose a mortgage. The plaintiff counted upon his own seisin under the assignment to him of a mortgage executed by the defendant; and instead of adopting the form of the count, authorized by the Rev. Sts. *c.* 107, § 3, by declaring " on his own seisin, as in a writ of entry, without mentioning the deed of conveyance, or the condition or defeasance thereof," (which is now the usual method,) he proceeded to set forth at length the title under which his seisin was derived.

This seems to have been unnecessary, according to the old precedents, and before the express provision of the statute, although there is some conflict in the earlier authorities. Judge Jackson, in his treatise on Real Actions, 27, states that even when the action is brought by a tenant in tail or for life, he need not set forth his estate specially, for the reason that " the actual seisin of the demandant at the time of the ouster is the only material fact in the writ and count; and every man who is unlawfully ousted of his freehold may maintain a writ of entry to recover the possession of it. If the demandant proves his seisin, and if the tenant cannot justify the entry under which he holds the land, it seems to no purpose for him to allege that the demandant has not fully and accurately described his title and estate." And on page 28 he cites the ancient authorities But it is equally clear that the demandant, in a writ of entry may set forth his title in his count, and until the passage of the revised statutes it was the usual form of declaring. A precedent for the assignee of a mortgage is given in Jackson on Real Actions, 51, in which the original conveyance in mortgage and the assignment are each declared on, as made by deed, duly sealed, acknowledged and registered, of which profert is made.

Under the pleadings in the case at bar, the judge who presided at the trial ruled that the plaintiff, having declared upon the mortgage and assignment in his count, was under no obligation to offer any proof of their execution, that fact not being expressly put in issue by any plea, specification or notice filed by the defendant. The reasons for this ruling are not given; and we apprehend that it must have been made through inadvertence, in failing to observe that the rules of the practice act, which require an explicit denial of each fact which the defendant intends to controvert, apply to personal actions only. *St.* 1852, *c.* 312, §§ 14, 51. Upon general principles of law, it is obvious that merely producing a paper, without any evidence of its authenticity, will not entitle a party to use it in evidence. An exception to this rule in practice must depend upon some statute or rule of court. No statute being applicable to the case, our attention has been called to the fifty-third rule of this court, providing that, " when an action is brought on a promissory note, bill of exchange or other instrument, the defendant shall not, on the trial, be allowed to deny his signature, or that of any other party to the instrument, unless it be under a plea of *non est factum* to a bond or other deed, or unless the defendant shall have filed a notice in writing of his intention to deny the signature." It would be perhaps a fatal objection to the application of this rule to the present case, that the assignment is not alleged in the count to have been in writing, nor made by any deed or instrument described or proffered for inspection ; but one fully decisive is, that there was no such rule in the court of common pleas at the time the case was tried. The rules of that court had been recently revised, in consequence of the passage of the practice act ; the former rules of the court repealed, and the statute having made such a rule unnecessary in personal actions, it was probably thought that the usual general form of declaring in writs of entry to foreclose mortgages made it superfluous as applied to them.

As the case must go to a new trial, it is hardly needful to determine whether, as a matter of strict legal exactness, the demandant should have in terms alleged his seisin to be " in

mortgage," under the requirement of *St.* 1852, *c.* 312, § 2, *cl.* 10. As he has so fully disclosed his title to be in mortgage, it is only a question of want of form, which perhaps should be considered as waived, if not demurred to, and which he might be permitted at any rate to amend without terms.

*Exceptions sustained.*